# UNITED STATES DISTRICT COURT
### DISTRICT OF NEW JERSEY



MARTIN LUTHER KING JR. FEDERAL BLDG. & U.S. COURTHOUSE
50 WALNUT STREET, P.O. BOX 419
NEWARK, NJ 07101-0419
**(973) 645-6340**

**WILLIAM J. MARTINI**
   **JUDGE**

November 22, 2005

Lennox S. Hinds
Stevens, Hinds & White PC
116 West 111th Street
New York, NY 10026
(*Counsel for Plaintiff*)

Alan Ruddy
Assistant County Counsel
Hall of Records, Room 535
465 Dr. Martin Luther King Blvd.
Newark, NJ 07102

Thomas C. Jardim
Ramsey Berman, P.C.
222 Ridgedale Avenue
P.O. Box 2249
Morristown, NJ 07962
(*Counsel for Defendants*)

   RE: Mayers v. Essex County, et al.
      Civ. No. 05-1727 WJM

Dear Counsel:

  This matter comes before the Court on Defendants Essex County Prosecutor's Office and Donald Campolo's motion to dismiss Plaintiff Brian Mayers's allegations against them under Fed. R. Civ. P. 12(b)(6). There was no oral argument. Fed. R. Civ. P. 78. For the following reasons, the motion is **GRANTED** and Plaintiff's complaint is **DISMISSED** as to those claims against the Essex County Prosecutor's Office and Donald Campolo.

## Background

  On November 1, 2002, a police officer stopped Plaintiff Brian Mayers ("Mayers") in Monroe County, Pennsylvania, for speeding. (*See* Compl. ¶¶ 10-11.) Upon checking Mayers's

identification, the officer discovered an existing arrest warrant for a "Ronald Merrit a/k/a Brian Merrit a/k/a Brian Mayers" in Essex County, New Jersey. (Compl. ¶¶ 12, 16.) Mayers told the officer that he had not lived in Essex County since 1996 and that he was not the individual named in the warrant. (Compl. ¶ 13.) The officer, however, arrested Mayers. (Comp. ¶ 14.)

The Monroe County police notified the Essex County police of Mayers's arrest. (*See* Compl. ¶ 19.) Mayers claims that the Essex County police department made no attempt to confirm his identity as the individual named in the warrant, even though they possessed pictures of "Ronald Merrit a/k/a Brian Merrit a/k/a Brian Mayers." (*See* Compl. ¶¶ 20-21.) After detaining Mayers for eleven days, the Monroe County police extradited him to Essex County. (*See* Compl. ¶¶ 22-23.) Upon arriving in Essex County, Mayers spent an additional thirteen days in the Essex County jail. (Compl. ¶ 25.) Essex County later prosecuted Mayers in two superior court matters, which were dismissed. (*See* Comp. ¶ 26.) Mayers contends that he was the victim of identity theft by a man named "Ronald Solomon" and not the man named in the arrest warrants. (Compl. ¶ 27.)

Mayers sued Essex County, the Essex County Prosecutor's Office, the Essex County Sheriff's Office, Essex County Sheriff Armando B. Fontoura and Essex County Prosecutor Donald Campolo (collectively "Defendants"). Mayers's alleges that Defendants "acted with deliberate indifference" by failing to adequately train, supervise and discipline their staff "in matters involving the identification, processing and extradition of persons arrested pursuant to fugitive warrants...." (*See* Compl. ¶ 29.) Mayers further alleges that the failure to take minimal efforts to confirm the identity of a person arrested under a fugitive warrant was "consistent with and pursuant to customs or usages of Essex County." (*See* Compl. ¶ 28.) Mayers claims he suffered damages as a result of his unreasonably prolonged detention in violation of the 4th, 5th and 14th Amendments of the Constitution. (*See* Compl. ¶¶ 38-39.) The Essex County Prosecutor's Office and Prosecutor Campolo now move to dismiss these claims against them pursuant to Fed. R. Civ. P. 12(b)(6).

## Discussion

### I.   Standard of Review

In deciding a motion to dismiss under Fed. R. Civ. P. 12(b)(6), all allegations in the complaint must be taken as true and viewed in the light most favorable to the plaintiff. *Warth v. Seldin*, 422 U.S. 490, 501 (1975); *Trump Hotels & Casino Resorts, Inc., v. Mirage Resorts Inc.*, 140 F.3d 478, 483 (3d Cir. 1998). In evaluating a Rule 12(b)(6) motion to dismiss for failure to state a claim, a court may consider only the complaint, exhibits attached to the complaint, matters of public record, and undisputedly authentic documents if the plaintiff's claims are based upon those documents. *Pension Benefit Guar. Corp. v. White Consol. Indus.*, 998 F.2d 1192, 1196 (3d Cir. 1993). If, after viewing the allegations in the complaint in the light most favorable to the plaintiff, it appears beyond doubt that no relief could be granted "under any set of facts which could prove consistent with the allegations," a court may dismiss a complaint for failure to state a

claim. *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984); *Zynn v. O'Donnell*, 688 F.2d 940, 941 (3d Cir. 1982).

## II. Mayers's Claims Against The Essex County Prosecutor's Office And Prosecutor Campolo Must Be Dismissed For Failure To State A Violation Of A Constitutional Right.

Section 1983 imposes civil liability upon any person who, acting under color of state law, deprives another individual of any rights, privileges, or immunities secured by the Constitution or the laws of the United States. *Guinke v. Seip*, 225 F.3d 290, 298 (3d Cir. 2000). In a § 1983 action, "a court must initially determine whether the plaintiff has even alleged the deprivation of a right that either federal law or the Constitution protects." *Id.* (citing *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979)). This section does not create any new substantive rights but instead provides a remedy for the violation of a federal Constitution or statutory right. *Baker*, 443 U.S. at 144 n.3; *Alexander v. Whitman*, 114 F.3d 1392, 1400 (3d Cir. 1997). Therefore, to establish a valid claim under § 1983, a plaintiff must first demonstrate that the defendants, while acting under color of state law, deprived him of a right secured by the Constitution or laws of the United States. *See Canton v. Harris*, 489 U.S. 378, 389 n.8 (1989); *Mark v. Borough of Hatboro*, 51 F.3d 1137, 1141 (3d Cir. 1995).

Mayers alleges that the Essex County Prosecutor's Office and Prosecutor Campolo violated his Constitutional rights by failing to "confirm [his] identity as not being the fugitive listed in the warrant." (*See* Compl. ¶¶ 28, 38.) This, however, does not state a constitutional violation. The Supreme Court in *Baker v. McCollan* explicitly held that "detention pursuant to a valid warrant *in the face of repeated protests of innocence* will after the lapse of a certain amount of time deprive the accused of 'liberty ... without due process of law.'" 443 U.S. at 145 (emphasis added); *see also Ramirez v. United States*, 998 F. Supp. 425, (D.N.J. 1998) (noting that prolonged detention pursuant to a valid warrant but in the face of repeated protests of innocence will after time deprive the accused of his liberty interests). Mayers's complaint alleges that he protested his innocence while incarcerated in Monroe County (*See* Compl. ¶¶ 13, 17) and immediately upon his arrival in Essex County (See Compl. ¶ 24). The complaint does not allege, however, that he made any repeated protests of innocence to the Essex County Prosecutor's Office or Prosecutor Campolo during his incarceration. Without any such allegation, Mayers fails to demonstrate how the Essex County Prosecutor's Office or Campolo were aware of Mayers's claims of innocence. Accordingly, it is unclear how the failure to investigate resulted in a Constitutional violation. Thus, Mayers's claims against the Essex County Prosecutor's Office and Campolo must be dismissed.

## III. Mayers's Cannot Maintain His Claim Against The Essex County Prosecutor's Office Under § 1983 Because It Is Not An "Entity".

Furthermore, Mayers cannot maintain his suit against the Essex County Prosecutor's Office because it is not an entity separate from the county. *See Massari v. Salem County*

*Prosecutor's Office*, 2005 U.S. Dist. LEXIS 18412, at *10 (D.N.J. Aug. 23, 2005); *Briggs v. Moore*, No. 05-1906, 2005 U.S. Dist. LEXIS 18593, at *12 (D.N.J. May 5, 2005) ("The Monmouth County Prosecutor's Office is not a government entity which can be sued under § 1983 separate from the individual who is the county prosecutor or the governmental entity that the county serves."); *see also Boyd v. West New York Police Dep't*, No. 00-4655, slip op. at 14 ("The Hudson County Prosecutor's Office is not a government entity which can be sued under § 1983 separate from the individual who is the county prosecutor or the governmental entity that the county prosecutor serves.")  Therefore, Mayers's claims against the Essex County Prosecutor's Office must also be dismissed because it is not a governmental entity which can be sued under § 1983 independent of the county.

## Conclusion

     For the foregoing reasons, Defendants Essex County Prosecutor's Office and Donald Campolo's motion to dismiss is **GRANTED** and Mayers's claims against these defendants are **DISMISSED**.  An appropriate Order accompanies this Letter Opinion.


                                      s/ William J. Martini
                                      **William J. Martini, U.S.D.J.**